UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF **NICHOLAS CARTER AS RECEIVER FOR SUTTON, LTD AND WEMBLEY, LTD** Pursuant to 28 U.S.C. § 1782, For an Order to Obtain Discovery In Aid of a Foreign Proceeding | Case No: _____ |

### DECLARATION OF NICHOLAS CARTER IN SUPPORT OF APPLICATION PURSUANT TO 28 U.S.C. § 1782 FOR AN ORDER TO OBTAIN DISCOVERY

I, NICHOLAS CARTER, hereby declare under penalty of perjury under the laws of the United States of America that the following is true and correct and state as follows:

1. I am presently the Managing Director and British Virgin Islands Territory Leader at PricewaterhouseCoopers (BVI) Limited and have personal knowledge of the facts stated herein.

2. I make this declaration in support of my application pursuant to 28 U.S.C. § 1782 for judicial assistance to obtain discovery from Webster Bank, N.A. and Ms. Elizabeth Wyckoff for use in a proceeding in a court of the Territory of the Virgin Islands (the "British Virgin Islands", alternatively, "BVI").

3. On October 10, 2018, the Eastern Caribbean Supreme Court, Court of Appeal for the Territory of the Virgin Islands (the "BVI Court of Appeal issued an order that resulted in my appointment as a Receiver (the "Receiver") on behalf of Sutton, Ltd ("Sutton") and Wembley, Ltd ("Wembley") (collectively, the "Companies") in connection with a proceeding (case no. BVIHCVAP2016/0009 & 0010 – the "BVI Proceeding") to determine whether to redeem the Companies' bearer shares (the "Bearer Shares") and, if so, in what manner. My appointment became necessary because the Bearer Shares had not been converted, exchanged or redeemed by the Companies in accordance with the BVI Business Companies Act 2004, as amended (the

"2004 Act"). Attached hereto as Exhibit 1 is a true and correct copy of the BVI Court of Appeal order dated October 10, 2018 in the BVI Proceeding that resulted in my appointment as the receiver for the Companies and directing the receiver to determine whether to redeem the Bearer Shares in the BVI Proceeding (the "BVI Order").

4. The BVI Registrar of Companies opposed the appointment of a receiver and opposed any redemption of the Companies' Bearer Shares.

5. However, the BVI Court of Appeal, through the BVI Order, issued its ruling directing the receiver to "i) accept[] the bearer shares in the [C]ompanies held by the appellant (the Bearer Shares); and ii) determin[e] whether the Bearer Shares should be redeemed under paragraph 36 of Division 5 of Schedule 2 to the [2004 Act]." (BVI Order at ¶ 81(2).) Attached hereto as Exhibits 2 and 3 are true and correct copies of the notices of my appointment.

6. Following my appointment as the Receiver, the Bank of Nova Scotia Trust Company (Bahamas) Limited (the "Trustee") sent all of the Bearer Share certificates to me and I accepted the Bearer Shares as directed in the BVI Order. Attached hereto as Exhibit 4 is a true and correct copy of a letter dated December 21, 2018, transmitting the Wembley bearer shares certificates (copies of actual shares omitted). Attached hereto as Exhibit 5 is a true and correct copy of a letter dated January 14, 2019 transmitting the Sutton bearer share certificate (copies of actual shares omitted).

7. I must now comply with the second directive of the BVI Order and determine whether to redeem the Bearer Shares or not.

8. To determine whether to redeem the Bearer Shares for fair value, I understand that I must first undertake to ascertain the value of the assets of each of Sutton and Wembley.

9. To redeem any of the Bearer Shares for fair value, I understand that I must endeavor to ascertain the value of the assets of the Companies to effectuate any redemption of the Shares.

10. Since my appointment as the Receiver, I have been investigating the affairs of the Companies to locate and determine the value of all of the assets held by the Companies.

11. My investigation has revealed that, upon information and belief, certain entities hold or once held assets on behalf of Sutton and Wembley.

12. Upon information and belief, Webster Bank, N.A. ("Webster") holds or has held one or more accounts of Sutton and Wembley. For example, Sutton holds an account with Webster with a specific account number that has been provided to us.

13. Through a letter dated May 2, 2019, I notified Webster of my appointment as Receiver for Sutton and requested that Webster provide information relating to Sutton's account. Attached hereto as Exhibit 6 is a true and correct copy of the May 2, 2019 letter to Webster concerning Sutton's account.

14. Webster requested that I provide copies of original documents confirming my appointment as Receiver, which I provided through a letter dated May 27, 2019. Attached hereto as Exhibit 7 is a true and correct copy of the May 27, 2019 letter to Webster including original documents confirming my appointment as Receiver.

15. Through a letter dated May 30, 2019, I notified Webster of my appointment as Receiver for Wembley and requested that Webster provide information relating to any of Webster's accounts. Attached hereto as Exhibit 8 is a true and correct copy of the May 30, 2019 letter to Webster concerning Wembley's potential account(s).

16. Through an email dated May 30, 2019, Darcy Chmielewski, VP Banking Center Manager of Webster, informed me that Webster received the above-mentioned requests and that Webster was reviewing them. On June 27, 2019, Webster responded indicating that Webster was still reviewing the request. I again followed up with Webster via email again on June 12, 2019, June 27, 2019, July 3, 2019, and August 14, 2019.

17. To date, Webster still has not provided the requested information for either Sutton or Wembley.

18. As a result, I am submitting the instant application to serve a Subpoena Duces Tecum on Webster and obtain the information required for me to effectuate my duties as the court-appointed receiver for the Companies in the BVI Proceeding.

19. Webster is not a party to the BVI Proceeding.

20. Upon information and belief, the Companies' account or accounts are associated with Webster's branch located at 130 Westbrook Road, Essex, Connecticut 06426, as well as in the possession, custody, and control of Webster Bank, N.A.'s corporate headquarters located at 123 Bank Street, Waterbury, Connecticut 06702.

21. In addition, I am submitting this application to serve a Subpoena Duces Tecum on Ms. Elizabeth Wyckoff, who resides at 5-1 Davis Road East, Old Lyme, CT 06371. The last Director of the Companies was E. Lisk Wyckoff, Jr., who died November 26, 2012. (*See* BVI Order at ¶ 18.) The Fiduciary for his estate is Ms. Elizabeth Wyckoff. Attached hereto as Exhibit 9 is a true and correct copy of the Connecticut Probate Court's fiduciary decree and certificate of appointment appointing Ms. Wyckoff as the Fiduciary of Mr. Wyckoff's estate.

22. As the Estate's Fiduciary, Ms. Wyckoff, upon information and belief, potentially holds the Companies' records and financial documents essential for me to ascertain the value of

the assets of Sutton and Wembley so that I can fulfill any obligations as directed by the BVI Court of Appeal in the BVI Proceeding. Ms. Wyckoff is not a party to the BVI Proceeding.

23. I have reviewed the forms of the Subpoenas Duces Tecum submitted with this application and confirm that, in my opinion, the requests seek information and documents that are necessary so that I can ascertain the value of the assets held by the Companies in order to determine in the BVI Proceeding whether to redeem the Bearer Shares as directed by the BVI Court of Appeal in the BVI Order.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on August 20, 2019

Tortola, British Virgin Islands

By: _____
Nicholas Carter